IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JAMES PRESTON BALES, #02053878, | § § § | |
| Petitioner, | § § | |
| v. | § § | Case No. 6:20-cv-181-JDK-KNM |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner James Preston Bales, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Smith County conviction. The petition was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

On February 7, 2023, Judge Mitchell issued a Report and Recommendation recommending that the Court deny the petition and dismiss the case with prejudice. Judge Mitchell also recommended that a certificate of appealability be denied. Docket No. 33. Petitioner timely objected. Docket No. 40.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en*

1

*banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Petitioner largely attempts to relitigate both his underlying petition and his murder conviction. He further maintains that the Magistrate Judge's Report is not clear whether his claims were reviewed under 28 U.S.C. § 2254(d)(1) or § 2254(d)(2). As the Magistrate Judge highlighted, under the AEDPA, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d)(1)-(2). Review is highly deferential. For example, federal courts may not issue the writ simply because that court may conclude in its independent judgment that the relevant state-court decisions or findings were erroneous or incorrect. *Hearn v. Thaler*, 669 F.3d 265, 271 (5th Cir. 2012). As the Supreme Court explained, the "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010).

Here, throughout his objections, Petitioner fails to meet either of these standards. He presents no constitutional violation, and he has not demonstrated that the state court's findings were clearly unreasonable—let alone incorrect. *Id.* ("Whether or not the Michigan Supreme Court's opinion reinstating Lett's conviction in this case was incorrect, it was not clearly unreasonable."). The Report in this case highlights the extensive state court findings issued by the state habeas court, and Petitioner wholly failed to demonstrate that the state court findings were unreasonable or "obviously incorrect." *See Cardenas v. Stephens*, 820 F.3d 197, 201- 02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim.").

In other words, though he objects to every portion of the Magistrate Judge's Report, Petitioner has failed to meet his burden under the AEDPA to demonstrate that the state court's findings were clearly unreasonable. *See Shore v. Davis*, 845 F.3d 627, 631 (5th Cir. 2017) ("The district court reviews only the ultimate legal determination by the state court—not every link in its reasoning.") (internal citation and quotations omitted). Petitioner essentially requests that this Court ignore the deference rule and the state court findings.

Petitioner also insists that the Magistrate Judge erroneously rejected his contentions that he was not afforded an evidentiary hearing. He argues that without

an evidentiary hearing, the record is not fully developed, and this Court therefore cannot deem the state habeas court's factual findings correct.  However, Petitioner's reliance on an evidentiary hearing to further develop the record here on federal habeas review runs afoul of years of federal habeas precedent.  The habeas record under review is limited to the record before the state courts.  *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011); *Shore*, 845 F.3d at 631 ("When ruling on a petition for a writ of habeas corpus, the federal district court must defer to the factual findings of state trial and habeas courts.").  "Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing."  *Pinholster*, 563 U.S. at 185.  Petitioner's request for, and reliance on, an evidentiary hearing to develop his habeas claims would expand habeas review under the AEDPA beyond the scope permitted.  In sum, Petitioner's objections are without merit.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit.  The Court therefore **OVERRULES** Petitioner's objections (Docket No. 40) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 33) as the opinion of the District Court.  Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice.  Further, the Court **DENIES** a certificate of appealability.

4

So **ORDERED** and **SIGNED** this **27th** day of **April, 2023.**

*(signature)*

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE